**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000429
29-AUG-2025
07:59 AM
Dkt. 30 SO**

NO. CAAP-23-0000429

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
FRED HOFER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3DTI-20-006772)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Fred E. **Hofer**, representing himself, appeals from the *Default Judgment* & *Notice of Entry of Default Judgment* entered by the District Court of the Third Circuit, Puna Division, on May 10, 2023. Hofer did not answer his traffic citation within the required time, and the District Court had jurisdiction. We affirm.

On July 6, 2020, Hofer was issued a ***Notice*** *of Traffic Infraction(s)* for No Vehicle License Plate (Hawaii Revised Statutes (**HRS**) § 249-7); Delinquent Vehicle Tax (HRS § 249-2); Expired Certificate of Inspection (HRS § 286-25); Registration Not in Vehicle (HRS § 286-47(3)); and No Vehicle License Plate (rear) (HRS § 249-7). The citation stated:

> **you must answer this Notice within 21 calendar days from the date of this Notice by choosing Option 1** [Admit & Pay], **2** [Deny], **or 3** [Admit but Explain Mitigating Circumstances], **below.** If you do not answer within 21 calendar days from the date of this Notice, the court will enter a default

> judgment against you for the total amount of monetary assessments and fees indicated on this Notice. . . . **YOU MUST TAKE ACTION WITHIN 21 CALENDAR DAYS FROM THE DATE OF THIS NOTICE TO AVOID ENTRY OF DEFAULT JUDGMENT AGAINST YOU**.

Hofer's answer was due on July 27, 2020. He didn't answer. Instead, on September 10, 2020, he filed a **Motion to Dismiss** *with Prejudice for Lack of Territorial Jurisdiction*. Nothing happened until May 10, 2023, when the Default Judgment for $350.00 was entered. It stated:

> If default judgment has been entered against you in a traffic infraction case, and you believe that you can show good cause or excuse for your failing to take action necessary to prevent the default judgment from being entered against you, you may file a Motion To Set Aside Default Judgment For Traffic Infraction(s) to request that the court set aside the default judgment. You must also post an appearance bond using the Appearance Bond form.

See HRS § 291D-7(e) (2007) (requiring "appearance bond equal to the amount of the total amount specified in the default judgment and any other assessment imposed").

Hofer filed a *Motion To Set Aside Default Judgment For Traffic Infraction(s)* on July 7, 2023. He crossed out the part of the form that stated "there was good cause or excuse for my failure to take necessary action to prevent the entry of the default judgment" and hand-wrote "I had filed a motion to dismiss for lack of territorial jurisdiction[.]" He requested a hearing on his motion to dismiss and a waiver of the appearance bond.

The District Court denied a waiver of appearance bond and denied the motion to set aside default judgment on July 10, 2023. This appeal followed.

Hofer's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure. To promote access to justice, we do not automatically foreclose him from appellate review because he didn't comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). We address what we discern to be his arguments.

2

**(1)** Hofer argues the Notice was "plain false." He states, "I had a licenseplate, [sic] shiny and clean, in red and gold, saying HA (for Hawaiian Archipelago) and the numerals 2015. One Kingdom of Hawaii license plate. Also present, a Kingdom of Hawaii safety check and current registration, all of which the uniformed person refused to even look at." But he didn't make these arguments within 21 calendar days from the date of the Notice. See HRS §§ 291D-5(c)(6) (2007), 291D-6(a) (2007), 291D-7(d), (e) (2007); Hawaiʻi Civil Traffic Rules (**HCTR**) Rules 8(e) & 15(a). The District Court did not err by entering the Default Judgment.

**(2)** Hofer argues the Default Judgment was a clerical mistake because he answered the Notice by filing the Motion to Dismiss. That motion argued the District Court did not have jurisdiction over Hofer because "Hawaii island is not within the state of Hawaii." It was not an answer authorized by HRS § 291D-6. See also, HCTR Rule 8. And it was not filed within 21 days from the date of Hofer's citation. The District Court did not err by entering the Default Judgment.

**(3)** Hofer's Motion to Dismiss challenged the District Court's subject matter jurisdiction. Lack of subject matter jurisdiction can be raised at any time. Yamane v. Pohlson, 111 Hawaiʻi 74, 83, 137 P.3d 980, 989 (2006). We thus construe the Motion to Dismiss as one for relief from the Default Judgment under District Court Rules of Civil Procedure (**DCRCP**) Rule 60(b)(4).[1]

Existence of subject matter jurisdiction is a question of law we review de novo. Yamane, 111 Hawaiʻi at 81, 137 P.3d at 987. Hofer's Motion to Dismiss argued the District Court had "no jurisdiction over Hawaii Island — as it is outside the State of

---

[1]     DCRCP Rule 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]

Hawaii[.]"  His opening brief argues "the State of Hawaii does legally not exist."  "Whatever may be said regarding the lawfulness of its origins, the State of Hawai'i is now, a lawful government" that includes Hawai'i Island.  State v. Kaulia, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013) (cleaned up).

The *Default Judgment & Notice of Entry of Default Judgment* entered by the District Court on May 10, 2023, is affirmed.

DATED: Honolulu, Hawai'i, August 29, 2025.

On the briefs:

Fred Hofer,
Self-represented
Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge